IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE SPATES, # R-50820, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00101-SMY |
| | ) |
| KIM BUTLER, | ) |
| JACQUELINE LASHBROOK, | ) |
| OFFICER SMITH, | ) |
| OFFICER JAMES, | ) |
| SGT. JOHN DOE, | ) |
| KELLY PIERCE | ) |
| and OFFICER MEADE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie Spates, an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center ("Menard"). According to the Complaint, Plaintiff's legal materials were damaged when the defendants stored his excess property boxes under a leaking water pipe. (Doc. 1, pp. 5-12). The defendants then exposed Plaintiff to mold when they allowed him to search the boxes for salvageable items. *Id*. Plaintiff brings claims against the defendants for interfering with his access to the courts in violation of the First Amendment, depriving him of property in violation of the Fourteenth Amendment and exhibiting deliberate indifference to his health in violation of the Eighth Amendment. *Id*. He seeks monetary relief. (Doc. 1, p. 13).

This matter is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, Plaintiff lost most of his legal materials when a pipe burst in the room where his excess legal property boxes were stored at Menard. (Doc. 1, pp. 5-12). He blames the defendants for failing to move his boxes to a new storage area after learning about the leak and the damage it caused to his property. *Id*. Plaintiff also claims that the defendants exposed him to dangerous mold when they allowed him to look through the boxes for salvageable materials. *Id*.

On or around July 16, 2016, Plaintiff discovered that his legal property boxes were seriously damaged by water or sewage. (Doc. 1, p. 5). At the time, Plaintiff faced an impending court deadline in his federal habeas action. *Id*. He was allowed access to his excess legal materials that were stored near 7 Gallery. *Id*. The boxes contained original transcripts and legal records, among other things. *Id*. When Plaintiff opened the first box, he discovered "waterlogged" and "damaged" contents and also noticed mold. *Id*.

Plaintiff immediately reported the damage to Officer Smith. (Doc. 1, p. 5). He asked to speak with a sergeant or lieutenant. *Id*. Plaintiff explained that he wanted to file a formal report, and he also wanted a high-ranking officer to observe the damage firsthand. *Id*.

Officer Smith denied Plaintiff's request and told him to file a grievance instead. (Doc. 1, p. 5). He said that nothing could be done to save the property. *Id*. The officer told Plaintiff that he should "take what papers [he] could save back to [his] cell to [dry out]." *Id*. Despite the extensive water damage, the presence of mold, and the foul odor, Plaintiff acted "[i]n desperation and panic" by reaching into the "stinking sodden mess and tried to retrieve whatever salvageable legal work [he] could at the time." (Doc. 1, p. 6). While doing so, Plaintiff noticed that the ceiling directly above his property boxes was damaged and allowed water or sewage to leak directly onto his property. (Doc. 1, p. 6). He observed damage to legal paperwork in the three boxes he had time to check, and he noticed damage to other inmates' boxes as well. *Id*. When Plaintiff reported the leak to Officer Smith, the officer said that "they were already aware of the problem." *Id*.

Plaintiff returned to his cell and immediately contacted Officer Meade to report the incident. (Doc. 1, p. 7). Plaintiff showed Officer Meade the damage to his legal paperwork, and asked to meet with a sergeant. *Id*. When no sergeant responded, Plaintiff prepared a list of

damaged items. (Doc. 1, pp. 36-38). He also reported the damage to Officer Shelton,[1] who stated that he would "note" the problem and inform a sergeant about it. (Doc. 1, p. 7).

As Plaintiff reviewed his legal papers, he and his cellmate began to sneeze and "react badly to the contaminated papers." *Id*. He turned the materials over to Officer Shelton for disposal. *Id*. Plaintiff also spoke with Officer James about the issue. (Doc. 1, pp. 7-8). Despite his numerous requests, however, no high-ranking official ever spoke with Plaintiff about the destroyed property. (Doc. 1, p. 7). Plaintiff filed a grievance to complain about the lost and/or damaged property on July 16, 2016. (Doc. 1, pp. 8, 18-19).

On July 23, 2016, Plaintiff was allowed to return to the property storage room to retrieve documents for his federal habeas appeal. (Doc. 1, p. 8). When he arrived, Plaintiff noticed that his boxes were still stored in the same spot where he originally found them – directly below the damaged ceiling. *Id*. He also noticed that nothing had been done to repair the ceiling. *Id*.

Additional rainfall resulted in "egregious" damage to his property boxes, rendering much of his property severely damaged or destroyed. *Id*. What was originally hundreds of pages of damaged property now amounted to thousands of pages of documents, photos, film, files, legal correspondence, motions, and briefs. (Doc. 1, pp. 8-9). Plaintiff found at least five boxes of his property "covered with black toxic mold—'reeking and in varying advanced stages of putrefaction and decomposition.'" (Doc. 1, p. 9).

He reported the additional damage to Officer Smith, who "noted" the problem. (Doc. 1, p. 8). When Plaintiff again asked to speak with a supervisory official, the officer denied his

---

[1] Officer Shelton is not named as a defendant in the Complaint's case caption or the list of defendants. (Doc. 1). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against this individual are considered dismissed without prejudice.

request and told him to file a grievance. *Id*. Plaintiff filed a second grievance on July 24, 2016. (Doc. 1, pp. 8-9, 20-21).

On August 11, 2016, Plaintiff was again allowed to return to the storage room to salvage whatever property that remained. (Doc. 1, p. 9). Officer Smith, Grievance Officer Pierce, Sergeant John Doe, and "others" were present at the time. (Doc. 1, p. 10). Plaintiff was given a mask and gloves to wear, only after begging for them. (Doc. 1, p. 9). The stench of mold was overpowering. *Id*. Even with the mask and gloves, Plaintiff could only stand to rummage through his boxes for less than an hour. *Id*. During this time, Plaintiff complained to staff about the health risks posed by his exposure to mold. (Doc. 1, p. 10). He requested professional mold remediation. *Id*. However, his request was denied. *Id*.

Plaintiff was unable to fully account for all of his property that was lost. *Id*. He declined offers to take the damaged and destroyed legal materials back to his cell because of the health risks posed by the mold. *Id*. Plaintiff claims that the loss of his legal property boxes impeded his present and future ability to appeal his conviction in court, among other things. (Doc. 1, p. 12). He filed a third grievance on August 12, 2016. (Doc. 1, pp. 22-23).

Plaintiff alleges that his grievances were not adequately addressed. (Doc. 1, p. 11). Grievance Counselor Pierce responded to his grievance by indicating that no work order had been submitted for the ceiling leak as of August 2, 2016. (Doc. 1, p. 16). Even so, she denied Plaintiff's grievances on September 12, 2016, and Warden Kimberly Butler concurred with the decision on September 19, 2016. *Id*. Plaintiff's appeal was denied on April 28, 2017. (Doc. 1, pp. 32-39).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts:

> **Count 1 -** Defendants interfered with Plaintiff's access to the courts by storing his legal property boxes below a leaking pipe and causing him to lose important legal documents and materials necessary to challenge his conviction in violation of his rights under the First Amendment.
>
> **Count 2 -** Defendants deprived Plaintiff of a property interest by causing the loss of his legal materials in violation of his rights under the Fourteenth Amendment.
>
> **Count 3 -** Defendants exposed Plaintiff to mold when they allowed him to search his legal property boxes in violation of his rights under the Eighth Amendment.
>
> **Count 4 -** Defendants mishandled Plaintiff's grievances addressing the damage to his legal property boxes in violation of his due process rights under the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. **Any other claims in the Complaint that are not identified above are inadequately pled under *Twombly* and are considered dismissed without prejudice from this action.**

## Claim Subject to Further Review

### Count 1

Inmates have a "constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). Prison officials may be liable for a deprivation of this right, if they

intentionally take or destroy an inmate's legal papers. *Gregory v. Nunn*, 895 F.2d 413, 415 (7th Cir. 1990) (citation omitted)). However, the negligent loss or destruction of legal papers does not support a constitutional claim. *Kincaid v. Vail*, 969 F.2d 594, 602 n. 10 (7th Cir. 1992).

Violations of this right may be vindicated in federal court in a civil rights action brought pursuant to 42 U.S.C. § 1983, if the inmate demonstrates that he suffered from actual prejudice to his access to the courts. *Shango v. Jurich*, 965 F.2d 289, 292 (7th Cir. 1992). An allegation of actual or threatened detriment is an essential element of a § 1983 claim for denial of access to the courts. *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). In other words, the allegation must be more than merely conclusory:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The Complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quoting *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir.1999)).

Plaintiff's claim arises from his alleged inability to pursue a federal habeas action, a related appeal or other post-conviction relief due to the loss of his legal property. He names numerous defendants in connection with this claim. However, liability under § 1983 requires personal involvement in the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d

458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

The allegations only support a claim at this stage against Officers Smith, Meade and James. All three officers worked in or near the property room where the leak occurred. (Doc. 1, p. 3). Plaintiff informed the officers about the initial water damage to his property on or around July 16, 2016. (Doc. 1, pp. 5-11). Officer Smith confirmed that "they" were aware of the leaky ceiling directly above his boxes. *Id*. Despite Plaintiff's numerous requests to address the issue, nothing was done to repair the ceiling or prevent further damage to his property. *Id*. Plaintiff found his legal boxes irreversibly damaged a week later, after additional rain caused further property damage. *Id*. Consequently, Plaintiff was unable to pursue post-conviction relief, including his habeas action and/or related appeal. *Id*. These allegations are sufficient to state a colorable claim in Count 1 against Officers Smith, Meade, and James.

However, this claim does not survive preliminary review against the remaining defendants. Warden Lashbrook is not mentioned in the statement of claim. It appears that Plaintiff named her as a defendant based only on her supervisory role at the prison. However, the doctrine of *respondeat superior* is inapplicable in § 1983 actions, so a government official cannot be held liable for the unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). In the absence of any allegations against this defendant, the Court finds that no claim is stated against her. Therefore, Count 1 will be dismissed against Warden Lashbrook.

The remaining defendants became involved in this matter only after the legal boxes sustained irreparable damage in late July and August 2016. This includes Grievance Officer Pierce and Sergeant John Doe, who observed Plaintiff look through his legal boxes one last time

on August 11, 2016. This also includes Warden Butler, who concurred with the denial of Plaintiff's grievances the following month. Plaintiff admits that at the time each of these defendants became involved, nothing could be done to save his legal materials. No allegations suggest that these defendants were previously aware of the leak or could have taken action to stop it and thereby mitigate the damage it caused to Plaintiff's property. Thus, Count 1 cannot proceed against them at this time.

In summary, Count 1 shall receive further review against Officers Smith, Meade, and James. This claim shall be dismissed without prejudice against Warden Lashbrook, Grievance Officer Pierce, Sergeant Doe, and Warden Butler.

### Claims Subject to Dismissal

### Count 2

There is no cognizable civil rights claim for deprivation of property under the Fourteenth Amendment where the state provides an adequate legal remedy. *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). This is the case, regardless of whether the deprivation of property was intentional or accidental. *Hudson v. Palmer,* 468 U.S. at 536 (intentional deprivations); *Parratt v. Taylor,* 451 U.S. 527, 539 (1981) (negligent deprivations); *Lunsford v. Bennett,* 17 F.3d 1574, 1583 n.5 (7th Cir. 1994); *Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993), *cert. denied,* 114 S. Ct. 1075 (1994). The Seventh Circuit has held that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). As such, Plaintiff cannot maintain a constitutional claim for a deprivation of his property without due process of law under the Fourteenth

Amendment against the defendants. Moreover, Plaintiff does not assert that he was denied due process of law in connection with this claim. Count 2 will therefore be dismissed without prejudice to Plaintiff pursuing relief in the Illinois Court of Claims.

**Count 3**

The Eighth Amendment prohibits the cruel and unusual punishment of inmates. U.S. CONST. Amend. VIII. Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse prison conditions that deny inmates "the minimal civilized measure of life's necessities." *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (citation omitted)). A prison official may be liable for deliberate indifference if the official knows of and disregards an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 836-37.

In evaluating an Eighth Amendment claim based on the conditions of confinement, the Court conducts an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective analysis turns on whether the alleged deprivation is "sufficiently serious" and "results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective analysis turns on each defendant's state of mind, which is deliberate indifference to inmate health or safety. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Deliberate indifference is shown when an official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official draws the inference. *Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Here, Plaintiff asserts that the defendants violated his Eighth Amendment rights when they exposed him to mold in the property room. Inmates are entitled to receive adequate food,

clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d at 463; *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Temporary discomforts and even harsh conditions do not necessarily support an Eighth Amendment claim. *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment.").

Plaintiff describes short-term exposure to damp, moldy conditions in the prison's property room. He admittedly went to the room voluntarily. He was only present there for a short time on three separate occasions. The longest he remained in the room was less than an hour, and he wore a mask and gloves during that time. He later experienced a sneezing episode until he disposed of his moldy legal papers. These allegations do not support a finding that the conditions were sufficiently serious to support a constitutional claim.

Further, Plaintiff does not suggest that any of the defendants exhibited deliberate indifference by exposing him to mold. Plaintiff asked for permission to visit the property room. The defendants granted his request. They did not force him to go to the storage room or force him to remain there. They even accompanied him to the room and stayed in the room with him. When he asked for a mask and gloves, the defendants granted his request. This conduct simply does not amount to deliberate indifference.

For the above reasons, the allegations in the Complaint do not satisfy the objective or the subjective components of an Eighth Amendment claim. Accordingly, Count 3 shall be dismissed without prejudice against the defendants.

## Count 4

The Complaint also fails to state an independent Fourteenth Amendment due process claim against any of the defendants, based on their alleged mishandling of Plaintiff's grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Therefore, Count 4 does not survive threshold review and will be dismissed with prejudice against all of the defendants.

## Pending Motions

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's also filed a Motion for Status (Doc. 6), which is rendered **MOOT** by this screening order.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening and shall receive further review against Defendants **OFFICER SMITH, OFFICER JAMES,** and **OFFICER MEADE.** This claim is **DISMISSED** without prejudice against Defendants **KIM BUTLER, JACQUELINE LASHBROOK, JOHN DOE**, and **KELLY PIERCE** because the Complaint fails to state a claim against these defendants upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice and **COUNT 4** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted against the defendants.

**IT IS ORDERED** that Defendants **KIM BUTLER, JACQUELINE LASHBROOK, JOHN DOE**, and **KELLY PIERCE** are **DISMISSED** without prejudice from this action.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **OFFICER SMITH, OFFICER JAMES,** and **OFFICER MEADE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 24, 2018**

**s/ STACI M. YANDLE**
**District Judge**
**United States District Court**